# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAMAR AMIN,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-0841** |
| | : | |
| **SCI-PHOENIX MEDICAL DEPT.,** *et al.*, | : | |
|     **Defendants.** | : | |

### MEMORANDUM

**RUFE, J.**                                                                                                                          **July 13, 2020**

      This matter comes before the Court by way of a Complaint (ECF No. 3) submitted by Plaintiff Lamar Amin, proceeding *pro se*. By Order dated March 10, 2020, the Court previously determined that Amin was not able to afford to pay the filing fee in this action and granted him leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 5.) At that time, the Court acknowledged that the Complaint would be screened pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court has now conducted the required screening. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Complaint will be dismissed with prejudice in part and without prejudice in part as set forth below.

### I.    FACTUAL ALLEGATIONS

      Amin, a convicted prisoner currently incarcerated at State Correctional Institution – Phoenix ("SCI Phoenix"), brings this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 3 at 3.)[1] In the Complaint, Amin names the following Defendants: (1) the "SCI-Phoenix Medical Department"; (2) "Well-Best aka Correct Care Solution" ("CCS"); (3) Tammy S. Ferguson, Superintendent at SCI Phoenix; and (4) John Wetzel, Secretary of the Pennsylvania Department

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

of Corrections. (*Id.* at 2-3.) All Defendants are sued in both their individual and official capacities. (*Id.*)

Amin alleges that he fell out of a top bunk on July 18, 2019.[2] (*Id.* at 8.) Amin further asserts, that even before he fell, he had requested not to have a top bunk placement due to injuries from a prior shooting, but he asserts that prison officials were deliberately indifferent to his prior request. (*Id.*) On August 3, 2019, Amin alleges that he fell out of the top bunk again as a result of him being unable to balance himself. (*Id.*) Amin claims that he should have received an x-ray, an MRI study, and CT-scan to assess and diagnose the injuries he incurred as a result of these falls. (*Id.* at 9.) It appears that Amin may also be alleging that he hit his eye during one of these falls and has lost vision in one eye. (*Id.*) He also claims that he lost feeling in his left arm and left leg as a result of these incidents. (*Id.*)

Amin submitted a grievance on September 9, 2019 about the medical treatment he received after his falls because he was walking lopsided and had pain in his back and legs. (*Id.*) He asserts that his grievance was not timely considered and was ultimately denied on the ground that he was at fault for his injury. (*Id.*) He appealed the denial of the grievance on September 17, 2019. (*Id.*) He raised as issues in the appeal the medical care he received and the risk he encounters due to his housing placement. (*Id.*)

Amin asserts that Defendant SCI-Phoenix Medical Department was deliberately indifferent to his serious medical needs because he was put on an "alternative treatment plan"

---

[2] The Complaint is unclear with respect to where Amin was incarcerated at the time of either of these falls from the top bunk. While he is currently incarcerated at SCI Phoenix, the Complaint, when read in conjunction with the attached grievance forms, suggest that he was incarcerated at State Correctional Institution – Camp Hill at the time of the alleged incidents, and was later transferred to SCI Phoenix where he has continued to request medical treatment related to pain and alleged injuries from these falls. If Amin files an amended complaint in accordance with the Court's Order issued in conjunction with this Memorandum, the amended complaint should include sufficient facts to make clear where these alleged incidents took place.

("ATP") which prevented medical staff from providing him with "aggressive medical treatment" and allowed him to be treated only by way of prescriptions and "lesser methods" of care. (*Id.* at 5.) He asserts that he had a right to receive treatment commonly associated with those not in custody and that the ATP caused him unnecessary pain and suffering constituting cruel and unusual punishment under the Eighth Amendment. (*Id.*) According to Amin, it was Defendant CCS, the contract medical services provider at SCI Phoenix, that allegedly imposed the ATP which denied Amin the allegedly proper level of care. (*Id.* at 6.) He alleges that Superintendent Ferguson and Secretary Wetzel, who lack medical training, denied a grievance Amin filed about his treatment by relying on a factfinder's report and failing to conduct an independent investigation. (*Id.* at 5-6.) Amin seeks $100,000 from each Defendant. (*Id.* at 10.)

## II.   STANDARD OF REVIEW

The Court previously granted Amin leave to proceed *in forma pauperis* because it appeared that he was incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Amin is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[3] However, as Amin is a prisoner, he will be obligated to pay the full filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

**III.    DISCUSSION**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To state a plausible constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

A deliberate indifference claim is plausible where it is alleged that "the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *Farmer* at 837 (stating that a prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.") "A medical need is serious . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v.*

4

*Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, No. 19-1684, 2020 WL 1982194, at *4 (3d Cir. Apr. 27, 2020) (holding that attaching documents to grievance form is insufficient under *Rode* to show personal direction or actual knowledge by recipient of the grievance of the underlying facts)).

The United States Supreme Court has stated that "not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Id.* (citation and internal quotations omitted). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring control over a tumultuous cellblock." *Id.*

### A.     Claims Against SCI-Phoenix Medical Department

Amin named the "SCI-Phoenix Medical Department" as a Defendant here, but the "SCI-Phoenix Medical Department" is not a "person" subject to suit under § 1983. *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that a state prison medical department is a state agency may not be sued under § 1983 since it is not a person); *Ruff v. Health Care Adm'r*, 441 F. App'x 843, 845 (3d Cir. 2011) ("The District Court properly concluded that Ruff cannot sue SCI–Coal Township or the prison's medical department itself because these entities are not "persons" under § 1983.) Accordingly, all claims against the "SCI-Phoenix Medical Department" are dismissed with prejudice under § 1915(e)(2)(B)(ii).

### B. Claims Against CCS

Amin has named CCS as a Defendant because it is the contract medical services provider at SCI Phoenix. The United States Court of Appeals for the Third Circuit has held "a private health company providing services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'" *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (per curiam) (quoting *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003)). Rather, to hold a private health care company like CCS liable for a constitutional violation under § 1983, Amin must allege that the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Natale*, 318 F.3d 575, 583-84 (citing *Bd. of the Cty. Comm'rs of Bryan Cty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City of Philadelphia*, Civ. A. No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.") (citations and quotations omitted). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).

Amin's factual averments are general and vague. He does not describe his injury with sufficient detail, he does not fully explain what treatment, if any, he received under the ATP, why he required the medical treatment he claims he was denied (x-rays, an MRI, or a CAT scan), or who allegedly denied him such treatment. He also fails to make any allegation that his placement on the ATP by CCS was the result of a policy or custom by CCS exhibiting deliberate indifference to his serious medical needs. Accordingly, the claim is not plausible as currently plead. However, because the Court cannot say that Amin can never assert a plausible claim,

CCS will be dismissed without prejudice under § 1915(e)(2)(B)(ii), and Amin will be granted leave to file an amended complaint if he can cure the defects the Court has identified in his claim against CCS. The Court notes that, in an amended complaint, Amin can also include claims against individual doctors and nurses.

### C. Claims Against Superintendent Ferguson and Secretary Wetzel

Amin also named Superintendent Ferguson and Secretary Wetzel as Defendants based on their handling of the grievance he filed. This claim is not plausible. Claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, the claims against Superintendent Ferguson and Secretary Wetzel will be dismissed with prejudice under § 1915(e)(2)(B)(ii).[4]

## IV. CONCLUSION

For the reasons stated, Amin's claims against the SCI-Phoenix Medical Department,

---

[4] The dismissal with prejudice includes all official capacity claims filed against Superintendent Ferguson and Secretary Wetzel. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). "Because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity." *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments, as well as its officials sued in their official capacities, are immune from suits filed in federal court. Accordingly, Amin's claims against Superintendent Ferguson and Secretary Wetzel in their official capacities are essentially claims against the Department of Corrections, which are barred by the Eleventh Amendment, and must be dismissed with prejudice.

Superintendent Ferguson and Secretary Wetzel are dismissed with prejudice and his claims against CCS are dismissed without prejudice pursuant to § 1915(e)(2)(B).  Amin will be granted leave to file an amended complaint.  An appropriate Order follows, which provides additional instruction as to amendment.

        **BY THE COURT:**

        /s/ Cynthia M. Rufe

        **CYNTHIA M. RUFE, J.**